IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD JACKSON, | ) |
| Plaintiff, | ) 1:17-cv-07663 |
| v. | ) |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, BERNARD JACKSON, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, DIVERSIFIED CONSULTANTS, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. BERNARD JACKSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Comcast (hereinafter, "the Debt").

6. The Debt was for personal telephone or cable services.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DIVERSIFIED CONSULTANTS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Florida. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about April 28, 2017 Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. In the aforesaid correspondence from Defendant to Plaintiff dated April 28, 2017, Defendant stated that Comcast had referred Plaintiff's account to Defendant for collections.

16. The account that Diversified was attempting to collect was an account that was opened in Plaintiff's name without his knowledge, authorization or consent.

17. Plaintiff has an account with Comcast; his account with Comcast is current, is not in default and is not in collections.

18. Prior to the dunning notice being sent to Plaintiff by Defendant on or about April 28, 2017, Plaintiff had disputed the account to Comcast.

19. On April 12, 2017, Plaintiff had obtained a police report that noted that he was a victim of identity theft.

20. In or around April 2017, Plaintiff sent the aforesaid police report to Comcast.

21. In or around April 2017, Plaintiff informed Comcast that he was a victim of identify theft.

22. On May 11, 2017, Comcast sent Plaintiff a correspondence in which it stated: "Our fraud team has determined that the reported Comcast account(s) associated with your SSN are fraudulent."

23. Upon information and belief, subsequent to May 11, 2017 and prior to August 8, 2017, Comcast apprised Defendant that the debt that it was attempting to collect from Plaintiff was the result of fraud and identity theft.

24. Notwithstanding the foregoing, on August 8, 2017, has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*, and reported that the Debt remains outstanding with a past due balance of $1,410 and in collections.

25. Despite the fact that Plaintiff did not owe the Debt for the reasons delineated above, Defendant reported the Debt as being owed by Plaintiff.

26. Defendant's failure to comply with §1692e(8) therefore was deceptive and misleading since, among other things, it deprived future users of Plaintiff's consumer reports of essential information relevant to their assessment of Plaintiff's credit worthiness and of Plaintiff's eligibility for other benefits for which the report may be employed and adversely impacted Plaintiff's credit score under certain credit scoring systems.

27. Defendant's representations that Defendant owed the Debt as delineated above, were false, deceptive and misleading given that the Debt was not a debt owed by Plaintiff.

28. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that the Debt was a debt now owed by Plaintiff.

29. In its attempts to collect the debt allegedly owed by Plaintiff to Comcast, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BERNARD JACKSON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**BERNARD JACKSON**

By:   s/ David M. Marco
     Attorney for Plaintiff

Dated: October 23, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com